COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-075-CR

DERYL DANIELLE WARE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Deryl Danielle Ware  appeals his conviction for failure to register as a sex offender.
(footnote: 2)  We affirm.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
  We gave appellant the opportunity to file a pro se brief, and he has filed one.  In addition, the State has filed a letter brief.

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record
.
(footnote: 4)  Only then may we grant counsel’s motion to withdraw.
(footnote: 5) 

We have carefully reviewed the record, counsel’s brief, appellant’s pro se brief and supplement, and the State’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.
(footnote: 6)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 47.2(b)

DELIVERED:  October 9, 2008 
 

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
See
 Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967)
.

4:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

5:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

6:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).